**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

NOAH HOPKINS,                          )
                                       )
      Petitioner,                      )
                                       )
    v.                                 )       No. 4:26-cv-00915-JMB
                                       )
MICHAEL SHEWMAKER,                     )
                                       )
      Respondent.                     )

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner Noah Hopkins's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

On July 11, 2013, in the Circuit Court for the City of St. Louis, Petitioner pleaded guilty to robbery and forcible rape.  *See State v. Hopkins*, No. 1122-CR03957-01 (22nd Cir. Ct. Jul. 11, 2013).  The state court sentenced him to ten years for each count to run consecutively for a total of twenty years imprisonment. Petitioner did not file a direct appeal.

On September 27, 2013, Petitioner filed a motion for post-conviction relief pursuant to Missouri Rule of Civil Procedure 24.035.   *See Hopkins v. State*, 1322-CC09511 (22nd Cir. Ct. Sept. 27, 2013).   He filed an amended motion on February 6, 2014.  *Id.*   On March 6, 2014, Petitioner filed a notice of voluntary dismissal. On March 10, 2014, the post-conviction court ordered the case dismissed.  *Id.*

On December 15, 2014, Petitioner filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court.  *See Hopkins v. Cassady*, No. 4:14-cv-2058-RWS (E.D. Mo. Dec. 15, 2014).   On December 15, 2017, the Court denied Petitioner's § 2254 petition.  *Id.*

To the extent Petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).   To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court.   28 U.S.C. § 2244(b)(3)(A).   Petitioner has not been granted leave to file a successive habeas petition in this Court.   As a result, the petition is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED**.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 24th day of June, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE